IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FRANCISCO DE JESÚS** | **CIVIL NO**. 24-1164 |
| Plaintiff | |
| v. | |
| **GILEAD SCIENCES INC.** | |
| Defendant | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE COURT:**

**COMES NOW** defendant Gilead Sciences Inc. ("Gilead" or the "Company") through its undersigned counsel, hereby gives notice of removal of this action from the Puerto Rico Court of First Instance, San Juan Superior Part, where it is pending, to the United States District Court for the District of Puerto Rico. In support of this Notice of Removal, Gilead states, alleges and prays as follows:

**I.      INTRODUCTION**

On January 11, 2024, Francisco De Jesús ("De Jesús") filed a Complaint at the Puerto Rico Court of First Instance, San Juan Superior Part, titled <u>Francisco de Jesus v. Gilead Sciences Inc.</u>, Civil No. SJ2024CV00249. <u>See</u> **Exhibit 1**, *Complaint*. The Complaint alleges unjust dismissal under Act No. 80 of May 30, 1976, as amended, P.R. Laws Anno. Tit. 29, §§ 185a *et seq.* ("Act 80"), retaliation under Act No. 115 of December 21, 1991, as amended, P.R. Laws Anno. Tit. 29, §§ 194 *et seq.* ("Act 115"), and discrimination on the basis of national origin and age under Act No. 100 of June 30, 1959, as amended, P.R. Laws Anno. Tit. 29, §§ 146 *et seq.* ("Act 100"). Plaintiff alleges damages of no less than $750,000.00. <u>See</u> <u>id.</u> at ¶¶ 19-20.

Plaintiff filed the Complaint under the summary proceedings provided by Act No. 2 of October 17, as amended, P.R. Laws Anno. 32, §§ 3118 *et seq.* ("Act No. 2"). Gilead was served with process on March 26, 2024.[1] As explained in greater detail below, Gilead is entitled to remove the cause of action to the United States District Court for the District of Puerto Rico, pursuant to diversity of citizenship jurisdiction.

## II.     DISCUSSION

### A. Citizens from Different States.

Through Section 1332, Congress vested original jurisdiction upon this Court over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States." 28 U.S.C. § 1332(a)(1). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Domicile is "the place where [one] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted). See also Hearts With Haiti, Inc. v. Kendrick, 856 F.3d 1, 2 (1st Cir. 2017).

In the Complaint, Plaintiff alleges that he resides in San Juan, Puerto Rico. See **Exhibit 1**, *Complaint* at ¶ 1. Therefore, and based on his own allegations, Plaintiff is a resident of Puerto Rico.

On the other hand, in determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation is deemed a citizen of its state of

---

[1] Under Act 2, Gilead had ten (10) calendar days to file a responsive pleading. Although said statute does not apply in this Court, in an abundance of caution, Gilead is submitting its Answer to the Complaint today, April 5, 2024.

2

incorporation and the state or foreign state where it has its principal place of business. See 28 U.S.C. §1332(c)(1). A corporation's principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," i.e., its "'nerve center,'" which "will typically be found at a corporation's headquarters." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). A corporation's "nerve center" or "principal place of business" is a single place, regardless of how many places the corporation conducts business in. Id. at 93.

Gilead is incorporated in the State of Delaware with its principal place of business in Foster City, California.  See **Exhibit 2**, *Gilead Sciences, Inc. Corporation Information*.[2] Accordingly, its places of residence are Delaware and California, not Puerto Rico. See 28 USC §1332(c)(1). Consequently, Plaintiff and Defendant are citizens of different states and diversity of citizenship exists.

**B.  Amount in Controversy**.

When the monetary demand by the plaintiff is stated in the complaint, the defendant can rely upon that assertion to meet the monetary jurisdictional requirement. Accordingly, and notwithstanding Gilead's defenses, it can remove the case based upon the dollar amount asserted in the Complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Here, Plaintiff claims $250,000.00, in emotional damages, and $300,000 for economic damages, and an unspecified amount for attorneys' fees. See **Exhibit 1**, *Complaint* at ¶¶ 19-20, 25. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the

---

[2] It is respectfully requested that this Honorable Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, as the corporate information for each of the entities mentioned here is available in the Registry of Corporations and Entities of the Puerto Rico Department of State and the Division of Corporations of the Delaware Department of State. See https://rceweb.estado.pr.gov/en/entity-information?c=11890-112 and https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx, last accessed on April 3, 2024.

amount in controversy minimum. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. at 288-89). Accordingly, the jurisdictional amount requirement of $75,000 is clearly satisfied.

**C. Timely Removal.**

Under 28 U.S.C. §1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. See 28 U.S.C. §1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Here, Gilead was served with process on March 26, 2024, through its resident agent. Accordingly, this removal is timely filed.

### III.    CONCLUSION

Gilead and Plaintiff are citizens of different states. Moreover, the amount in controversy clearly exceeds $75,000.00. Accordingly, there is diversity of citizenship jurisdiction. This notice of removal is timely filed. Based on the foregoing, Gilead is entitled to remove the cause of action filed before the Puerto Rico Court of First Instance, San Juan Superior Part, to the United States District Court for the District of Puerto Rico, pursuant to diversity of citizenship jurisdiction. See 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

**WHEREFORE** pursuant to 28 U.S.C. §§ 1332, 1331, 1441, and 1446 defendant Gilead gives Notice of Removal to the above captioned case to this Honorable Court and request that the cause of action filed before the Puerto Rico Court of First Instance, San Juan Superior Part, under Civil No. SJ2024CV00249, proceed before this Court as an action properly removed.

Respectfully submitted.

In San Juan, Puerto Rico, this 4th day of April of 2024.

4

WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice of this filing will be given to opposing counsel through his email of record, escanellasrivera@gmail.com and escanellasjuan@yahoo.com.

**SCHUSTER LLC**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611


*s/Anabel Rodríguez-Alonso*
**Anabel Rodríguez Alonso**
USDC PR No. 212509
arodriguez@salawpr.com

*s/Daniel Limés-Rodríguez*
**Daniel Limés-Rodríguez**
USDC PR No. 307505
dlimes@salawpr.com
