EXHIBIT 1

*Certified Translation*

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR PART

| | |
|---|---|
| **FRANCISCO DE JESUS**<br>Plaintiff<br><br>v.<br><br>**GILEAD SCIENCES INC.**<br><br>Defendant | CIVIL NO.<br><br>RE:<br><br>Act No. 2 of October 17, 1961<br>Act No. 80 of May 30, 1976<br>Act No. 100 of June 30, 1959<br>Act No. 115 of December 20, 1991 |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES NOW** plaintiff, through the undersigned attorney, and very respectfully states, alleges and requests:

**PARTIES**

1. Mr. Francisco De Jesús, ("De Jesús"), is of legal age, single, and a resident of Bo. Winston Churchill, Ave. PMB 202, San Juan, PR. Plaintiff's physical and postal address is as described above. His phone number is: 787 758-3000.

2. Gillead Science Inc., is a for-profit corporation, authorized to do business in Puerto Rico, and that does business in Puerto Rico and sells its medications in Puerto Rico, whose physical and postal address in Puerto Rico is the following: D9, Calle 7 Guaynabo, PR 00966.

3. According to the provisions of Act No. 2, plaintiff has chosen to file his claim in the judicial region in which plaintiff resides.

**FACTS**

4. Plaintiff, Francisco De Jesús, "De Jesús", was born in Puerto Rico, and is an American citizen. De Jesús was born on February 24, 1968, so, at the time of his termination, on October 17, 2023, he was 55 years old.

5. Defendant is a pharmaceutical company, which does business in Puerto Rico, and which is dedicated to the promotion, sale and distribution of drugs and medications to hospitals, clinics, doctors and

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that this a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

the government of Puerto Rico, through the Department of Health and other instrumentalities, including medications for HIV and AIDS.

6. De Jesús began working for defendant, approximately in mid-January 2001, and at all times, including the date of his termination, he held a "Therapeutic Specialist" position, performing duties and functions related to the representation, promotion and sale of defendant's drugs related to treatment and therapies for HIV/AIDS.

7. De Jesús, from July 25, 2001, until the date of his termination, October 17, 2023, worked under the supervision of Mr. Cesar Pizarro.

8. During all the time that De Jesús worked for defendant, his performance was always of excellence, however, and despite that his performance at all times was of excellence, defendant took several actions against him due to his age, national origin, and in retaliation for his protected activities, including his complaints about his work terms and conditions, his age and national origin, which began in early 2022, and which continued until the date of his termination, October 17, 2023. Among the discriminatory and retaliatory actions taken by defendant against De Jesús, are the following:

9. Defendant, since the beginning of January 2022, began making unauthorized deductions from De Jesús' salary for a family medical plan that supposedly covered De Jesús, as well as his consensual partner, in the amount of $2,400.00, biweekly, however, the medical plan for De Jesús's consensual partner was never approved, however, despite the fact that defendant did not approve the plan for his consensual partner, defendant continued with the deductions from De Jesús' salary, which affected plaintiff's financial compensation. De Jesús, on several occasions, complained about the deduction in his salary, and requested the reimbursement of all deductions for the medical plan that was never approved, however, although defendant accepted the error and returned De Jesús the money deducted from his check, constantly, for months, continued to make deductions from De Jesús' check, for the same concept, which negatively affected De Jesús' compensation.

10. De Jesús, during his last year of employment and up to the date of his termination, complained to his Supervisor that because De Jesús was Puerto Rican and worked in Puerto Rico, he did not have the

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that this a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

2

right to participate in the defendant's 401K plan, and that he was the only seller of the defendant who did not participate in said plan, for the sole reason that he was Puerto Rican and worked in Puerto Rico, also he complained that he was not allowed to participate in sales contests, and that he was the only representative who had a cap on the amount of money that could be earned in commissions, while the other representatives did not have a limit on the commissions that could be earned, all of the above, due to De Jesús working in Puerto Rico, and being Puerto Rican. Defendant never took any type of corrective action, despite De Jesús's complaints, and on the contrary, De Jesús's supervisor told defendant, every time De Jesús complained, that no action was going to be taken to equate De Jesús' salaries and benefits with defendant's employees working in the United States and elsewhere in Latin America, because Puerto Rico was a territory that was useless, that it was poor, that Puerto Ricans were deadbeats and that if it were up to him, he would have closed the operation in Puerto Rico because he did not like working in Puerto Rico, and he did not like working with Puerto Ricans either.

11. De Jesús, since approximately May 2023, until the date of his termination, complained to his supervisor about the actions of one of his co-workers, Ms. María Dueño, who had reported that she had met with Dr. Héctor Caban at a company lunch, even though that this was false and incorrect, because De Jesús was aware that Dr. Caban had not attended the lunch, because Dr. Caban apologized to De Jesús for not being able to attend the lunch. De Jesús's supervisor took no action against Ms. Dueño, and, on the contrary, threatened de Jesús that if he complained again about Ms. Dueño, he would fire him.

12. Plaintiff, on various occasions, complained to his supervisor about his actions, regarding his requests for reimbursements, wherein he stated that De Jesús was present, to try to justify the high cost of the same and obtain a greater refund than the one he was entitled to according to defendant's regulations, even though De Jesús was not present. However, defendant never took any type of corrective action, despite De Jesús's complaints against his supervisor.

13. Defendant, on or about June 27, 2023, as part of his duties and responsibilities, and following the specific instructions of his supervisor, visited the Department of Health's warehouse to verify defendant's inventory of medications, and to also verify the status of the different purchase orders, and he

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that this a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

3

requested the information to the official in charge of the Department of Health, Ms. Ana Pereira, who provided it to him because it was something routine, and allowed plaintiff to take a photo to the computer, so that plaintiff would have the precise information, because at that moment, Ms. Ana Pereira, could not print the information requested by De Jesus and did not have time to write it down in a paper. Plaintiff, once obtained the information, provided it to his supervisor only, as ordered by him, and as he had done on previous occasions, and De Jesus' supervisor, at that time, as well as on previous occasions in which De Jesús had provided him with the same information, did not make any comment that De Jesus had violated any of the defendant's rules with his actions.

14. Plaintiff's supervisor, at the end of July 2023, accused plaintiff of having shared the sales information of the defendant's medications with third parties, which plaintiff denied, and even more so, the alleged third parties with those who plaintiff, according to his supervisor, shared the defendant's drug sales information, informed plaintiff's supervisor, in a meeting held with him on August 1, 2023, that plaintiff had never shared sales information of medications, with no person, and that such accusation against plaintiff was false.

15. Subsequently, after the third parties to whom plaintiff, according to plaintiff's supervisor, had disclosed sales information about medications, denied that plaintiff had made such disclosure, De Jesús' supervisor, during a telephone call accused De Jesús that he had reported that he had visited a doctor, even though that doctor was allegedly not in the office, which was a false accusation, because De Jesús visited the doctor and gave him the information related to the medication. However, De Jesús's supervisor insisted that De Jesús change the report and admit that he never met with the doctor, which was false, in an effort to discipline and try to fire De Jesús, which De Jesús denied.

16. Defendant, on or about October 17, 2023, fired De Jesús, for false and unjustified reasons, and in retaliation for De Jesús's protected activities. De Jesús's termination was also due to his age and national origin, in violation of acts number 80, 100 and 115, *supra*.

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that this a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

17. The actions described above affected De Jesús's terms and conditions of work, as well as his mental and emotional condition, and created a hostile work environment against De Jesús, due to age, national origin, and De Jesús' protected activities, in violation of acts number 100 and 115.

18. Plaintiff does not have a copy of any type of compulsory arbitration contract that he may have signed during his employment with defendant, however, plaintiff, despite filing this Complaint, does not waive that all of his causes of action be adjudged in a compulsory arbitration process, therefore he reserves the right to file his claims before the corresponding arbitration forums if he has executed an arbitration agreement during his employment with the defendant.

**DAMAGES**

19. As a result of the discriminatory and retaliatory actions against plaintiff described above, plaintiff has suffered considerable economic damages, back pay and front pay, which arise to an an approximate amount of no less than $300,000.00.

20. Due to the actions against De Jesús, plaintiff requests compensation for his mental suffering and anguish, which is estimated at an approximate amount of no less than $250,000.00.

21. Plaintiff requests payment of his severance, according to the provisions of Act No. 80, *supra*.

22. Plaintiff requests reinstatement of his position.

23. Plaintiff avails himself of the summary procedure provided by Act No. 2 of October 1961, as amended.

24. Plaintiff requests the imposition of the double penalty imposed by law.

25. Plaintiff also requests payment of all expenses, costs, and attorney's fees, as well as any other remedy that may be appropriate by law and/or equity, as well as the payment of interest on any judgment rendered.

26. Plaintiff has timely tolled all the statute of limitations of all the applicable laws of the instant case.

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that this a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

5

**WHEREFORE**, it is very respectfully requested from this Honorable Court to <u>GRANT</u> this Complaint, imposing the corresponding costs and attorney's fees.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico on January 11, 2024.

*s/ANIBAL ESCANELLAS RIVERA*
RUA NUM. 10674
escanellasrivera@gmail.com
escanellasjuan@yahoo.com

**ESCANELLAS & JUAN, PSC**
204 Ave. Domenech
San Juan, Puerto Rico 00918
Telephone 787.758.3000
Fax 787.250.1111
E-mail:
escanellasrivera@gmail.com
escanellasjuan@yahoo.com

6

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that this a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*